UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornelius J. Farr, | C/A No. 7:09-2919-HMH-JRM |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Motor Vehicles Department, DMV of Union County, | |
| Defendant. | |

### *Background of this Case*

The plaintiff is a pre-trial detainee at the Spartanburg County Detention Facility. He has brought suit against South Carolina Department of Motor Vehicles ("DMV"). This civil action concerns identify theft enabled by the DMV's issuance of a particular "S.C. State I.D."[1] in the plaintiff's name to another person. The other person used the identification card issued in the plaintiff's name to write and cash "bad" checks. *See* Complaint, at page 3: "I'm in jail on checks and all kind of stuff because of Union County DMV." In his prayer for relief, the plaintiff seeks payment of $100,000 for loss of wages, pain and suffering, defamation of character, "overdraft at Wachovia Bank," and "Bad" credit."

---

[1] It is not clear from the complaint whether the "S.C. State I.D." issued was a driver's license or a non-driver's identification card.

1

*Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No.

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The South Carolina Department of Motor Vehicles is an agency of the State of South Carolina. *See* S.C. Code Ann. § 56-1-5:

> **§ 56-1-5.** Department of Motor Vehicles Established; transfer of power from the Department of Public Safety; appointment, powers, and duties of the Executive Director; independent review.
>
> (A) The South Carolina Department of Motor Vehicles is hereby established as an administrative agency of the state government.
>
> (B) Upon the signature of the Governor, all functions, powers, duties, responsibilities, and authority statutorily exercised by the Motor Vehicle Division and the Motor Carrier Services unit within the Department of Public Safety are transferred to and devolved upon the Department of Motor Vehicles.

(C) The Executive Director of the Department of Motor Vehicles shall be appointed by the Governor and confirmed by the Senate. The executive director shall serve at the pleasure of the Governor.

(D) The executive director is the executive and administrative head of the Department of Motor Vehicles. The executive director shall administer the policies defined by the department and the affairs of the department.

(E) The executive director may appoint assistants, deputies, and employees as the executive director considers necessary and proper to administer the affairs of the department and may prescribe their duties, powers, and functions.

(F) The Legislative Audit Council shall conduct an independent review of the Department of Motor Vehicles every three years.

(S.C. Code Ann. § 56-1-5, which was added by 2003 S.C. Act No. 51, effective June 5, 2003.)

Since it is a state agency, the South Carolina Department of Motor Vehicles is entitled to summary dismissal because it is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The plaintiff has an available remedy in courts of the State of South Carolina. *See* the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*. Section 15-78-30 and its subparts

encompass a "loss" from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought *in a state court* within the boundaries of South Carolina. *See* S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.). Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code Ann. § 15-78-80. *Joubert v. South Carolina Department of Social Services*, 341 S.C. 176, 189-190, 534 S.E.2d 1, 8 (S.C.Ct.App. 2000) (outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period). *See also*, *e.g.*, *Moon v. City of Greer*, 348 S.C. 184, 558 S.E.2d 527 (S.C.Ct.App. 2002); *Murphy v. Richland Memorial Hospital*, 317 S.C. 560, 455 S.E.2d 688 (1995); *Vines v. Self Memorial Hospital*, 314 S.C. 305, 443 S.E.2d 909 (1994); and *Pollard v. County of Florence*, 314 S.C. 397, 444 S.E.2d 534 (S.C.Ct.App. 1994).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon

as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. *Cf. also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

November 19, 2009
Columbia, South Carolina

Joseph R. McCrorey
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).